# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

PETER MULLINAX, an individual,

    Plaintiff,

v.

ELEVATION MORTGAGE LLC, a Colorado limited liability company; and
ALAN REED LETSON, an individual,

    Defendants.

_____

## COMPLAINT AND JURY DEMAND
_____

Plaintiff Peter Mullinax ("Plaintiff"), through counsel, Lewis Kuhn Swan PC, complains as follows:

### JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges claims under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the Stored Communications Act (the "SCA"), 18 U.S.C. §§ 2701 *et seq.*

2. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state claims are so related to the federal claims that they form part of the same case or controversy.

3. Defendant Elevation Mortgage LLC ("Elevation Mortgage") is subject to personal jurisdiction in Colorado because it is organized under the laws of the State of Colorado, conducts substantial business in this State, and the acts and omissions alleged herein occurred in this State.

4. Defendant Alan Reed Letson ("Mr. Letson") is subject to personal jurisdiction in Colorado because, among other things, he implemented the relevant pay practices in this State.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

6. Plaintiff is an individual domiciled in Colorado Springs, Colorado. Plaintiff is a Colorado-licensed mortgage broker.

7. Elevation Mortgage is a Colorado limited liability company maintaining its principal place of business in Colorado Springs, Colorado. Elevation Mortgage is a residential mortgage broker.

8. Mr. Letson is an individual who, upon information and belief, is the sole member and manager of Elevation Mortgage.

9. Mr. Letson is domiciled in the State of Colorado.

10. Mr. Letson is, and at all points relevant to this Complaint has been, responsible for Elevation Mortgage's pay practices and exercises substantial control over its finances and operations. As such, he is individually liable for Elevation Mortgage's illegal pay practices as alleged herein pursuant to the FLSA.

11. Elevation Mortgage and Mr. Letson are collectively referred to as "Defendants."

## GENERAL ALLEGATIONS

12. Plaintiff was hired by Defendants as a loan originator on or around February 1, 2019 and separated from his employment on or around March 5, 2020.

13. Plaintiff's job duties as a loan originator included speaking with prospective customers, facilitating the interaction between customers and lending institutions, and maintaining relationships with customers. Plaintiff typically worked from his home office, though he would also commonly work from Elevation Mortgage's office. Plaintiff only infrequently engaged in outside sales.

14. From the beginning of Plaintiff's employment on or about February 1, 2019 until on or about December 31, 2019, Defendants classified Plaintiff as a 1099 independent contractor instead of as a W-2 employee.

15. Such classification was improper. Among other things, Defendants failed to comply with the formalities to defeat the presumption of employment.

16. Defendants paid Plaintiff on a commission-only basis instead of on a salary or fee basis. Specifically, Plaintiff was entitled to be paid 70%, and Defendants were entitled to be paid 30%, of revenue from all loans Plaintiff personally closed. Thereafter, Defendant promised to Plaintiff that Plaintiff's commission structure would be expanded to include a provision under which Plaintiff would receive 20%, the specific loan originator would receive 30%, and Defendants would receive 50% of revenue from all closed loans. Defendant evidenced such promises by, at least with certain loans, paying such commissions to Plaintiff.

17. Like all loan originators, Plaintiff was entitled to receive commissions on any closed loans prior to his departure from his employment

18. During the time he was improperly classified as a 1099 independent contractor, Plaintiff did not have direct authority to hire and fire employees, could not set rates of pay, and

was not vested with discretion and independent judgment as to matters of company-wide significance.

19. On or about January 1, 2020, Defendants changed Plaintiff's classification from 1099 independent contractor to W-2 employee. Upon this change in classification, Plaintiff's job duties were not meaningfully altered. During the time he was classified as a W-2 employee, Plaintiff did not have direct authority to hire and fire employees, could not set rates of pay, and was not vested with discretion and independent judgment as to matters of company-wide significance.

20. Both when improperly classified as a 1099 independent contractor and when classified as a W-2 employee, Plaintiff should have been classified as a non-exempt employee under federal and state wage and hour laws. He was not so classified.

21. Plaintiff routinely worked sixty (60) to seventy (70) hours per workweek, and sometimes more. These workweeks included, among many others, the second week of July 2019 and third week of January 2020. These efforts were beneficial for Defendants as Plaintiff was Defendants' top-producing loan originator. Plaintiff commonly worked these extended hours at the direction of Mr. Letson in furtherance of Elevation Mortgage's interests. Plaintiff worked such hours both when classified as a 1099 independent contractor and as a W-2 employee.

22. Defendants failed to pay Plaintiff overtime compensation for all hours worked over forty (40) in any workweek. The unpaid overtime is in the six figures.

23. Defendants had in place inadequate timekeeping methods for tracking and recording the time Plaintiff spent working.

24.     Throughout all relevant time periods, Defendants failed to maintain accurate and sufficient time records and endeavored to maintain opacity in Elevation Mortgage's pay practices.

25.     Defendants' violations of the FLSA and the Colorado Overtime and Minimum Pay Standards Order, 7 CCR § 1103-1, were not in good faith. As a sophisticated and experienced business owner in a regulated environment, Mr. Letson was aware of Elevation Mortgage's legal obligation to pay overtime compensation and actively sought to avoid doing so.

26.     On or about March 5, 2020, Defendants terminated Plaintiff shortly after the unexpected death of Plaintiff's father (necessitating approximately two weeks out of state). Defendants referenced pretextual and false grounds as the purported bases for Plaintiff's termination. In reality, Defendants simply no longer wished to comply with their contractual obligations with Plaintiff.

27.     Defendants did not pay Plaintiff for a loan that had closed in February 2020. Defendants likewise did not pay Plaintiff for loans in his pipeline.

28.     After the separation of Plaintiff's employment, Defendants have repeatedly and impermissibly used Plaintiff's personal login credentials to access certain online systems and databases including, but not limited to, Plaintiff's personal portal with United Wholesale Mortgage. Upon information and belief, Defendants have done so to further the financial interests of Mr. Letson and/or employees of Elevation Mortgage in a matter that is untraceable to them individually. Plaintiff's login credentials include passwords for purposes of maintaining the security of the relevant accounts.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT**
**(29 U.S.C. §§ 206(a)(1), 207(a)(1))**
*Against All Defendants*

29. All preceding paragraphs are incorporated.

30. At all relevant times, Elevation Mortgage has been an employer engaged in interstate commerce within the meaning of the FLSA.

31. At all relevant times, on information and belief, Elevation Mortgage has had gross annual revenues exceeding $500,000.

32. At all relevant times, Mr. Letson has been an employer engaged in interstate commerce within the meaning of the FLSA.

33. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

34. When employed by Defendants, Plaintiff frequently worked over forty (40) hours per workweek and was thus entitled to overtime compensation at a rate of not less than one-and-one-half his regular rate of pay which, in Plaintiff's case, is to be calculated based on his commissions.

35. Because Plaintiff did not receive all overtime compensation to which he was entitled, Defendants violated the FLSA.

36. Defendants have failed to make, keep, and preserve records with respect to Plaintiff sufficient to determine Plaintiff's wages, hours, and other conditions and practices of employment in violation of the FLSA.

37. Defendants' violations of the FLSA were willful within the meaning of 29 U.S.C. § 255(a) because, among other things, Defendants were well aware of their legal obligations to pay overtime compensation.

38. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants unpaid overtime compensation, actual and liquidated damages, including Elevation Mortgage's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**STORED COMMUNICATIONS ACT**
**(18 U.S.C. §§ 2701 *et seq.*)**
*Against All Defendants*

39. All preceding paragraphs are incorporated.

40. By accessing Plaintiff's online accounts, including Plaintiff's account with United Wholesale Mortgage, Defendants intentionally and without authorization accessed a facility through which "electronic communications service" is provided as that term is defined in 18 U.S.C. § 2510(15), thus violating the SCA.

41. Defendants' conduct constitutes the accessing of a facility through which electronic communications service is provided because such systems are services which provide their users, including Plaintiff, the ability to send or receive electronic communications. *See* 18 U.S.C. §§ 2510(15), 2711(1).

42. Such access resulted in Defendants obtaining one or more "electronic communications" as that term is defined in 18 U.S.C. § 2510(12) while such communications were in "electronic storage" as that term is defined in 18 U.S.C. § 2510(17).

43. Such material constitutes electronic communications as it involves the "transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in party by a wire, radio, electromagnetic, photoelectric or photooptical systems that affects interstate or foreign commerce[.]" *See* 18 U.S.C. §§ 2510(12), 2711(1). These electronic communications were in electronic storage when accessed by Defendants because such communications were temporarily and immediately stored through the online systems incidental to the electronic transmission thereof for, among other things, purposes of backup protection of such communications. *See* 18 U.S.C. §§ 2510(17), 2711(1).

44. Plaintiff has suffered damages as a result of Defendants' violation of the SCA in an amount to be proven at trial for which Defendants are liable.

45. As a subscriber or other person aggrieved by Defendants' knowing and intentional violation of the SCA, Plaintiff is entitled to recover from Defendants actual damages or a sum not less than $1,000, punitive damages, attorneys' fees, and costs. *See* 18 U.S.C. §§ 2707(a)-(c).

## THIRD CLAIM FOR RELIEF
## COLORADO OVERTIME AND MINIMUM PAY STANDARDS ORDER
## (7 CCR § 1103-1)
*Against Elevation Mortgage*

46. All preceding paragraphs are incorporated.

47. At all relevant times, Plaintiff was employed by Elevation Mortgage within the meaning of the Colorado Overtime and Minimum Pay Standards Order (the "COMPS Order").

48. Elevation Mortgage is covered under the COMPS Order as it is a retail and service entity.

49. Elevation Mortgage violated the COMPS Order by failing to pay Plaintiff for all overtime hours at the required rate as prescribed by the COMPS Order.

50. Plaintiff is entitled to recover from Elevation Mortgage proper compensation for all hours worked (including overtime compensation at the appropriate premium for hours worked over forty (40) in a workweek or twelve (12) in a work day), any statutory penalties, including Elevation Mortgage's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, costs, and disbursements of this action, pursuant to the COMPS Order.

### FOURTH CLAIM FOR RELIEF
### BREACH OF CONTRACT
*Against All Defendants*

51. All preceding paragraphs are incorporated.

52. Defendants' offers to employ Plaintiff, both prior to him beginning his work at Elevation Mortgage and when his pay structure changed on or about January 1, 2020, created a binding contract between Plaintiff and Defendants.

53. Defendants breached these agreements by failing to pay Plaintiff according to the terms of these contractual relationships by, among other things, failing to pay Plaintiff for all closed loans.

54. Plaintiff performed, or is excused from performing, all of his obligations under those contracts.

55. Plaintiff has suffered damages as a result of Defendants' breach of contracts in an amount to be proven at trial for which Defendants are liable.

### FIFTH CLAIM FOR RELIEF
### PROMISSORY ESTOPPEL
*Against All Defendants*

56. All preceding paragraphs are incorporated.

57. Defendants promised to pay Plaintiff for all closed loans, including for those loans in Plaintiff's pipeline.

58. Plaintiff reasonably relied on these promises by, among other things, declining to obtain more financially lucrative employment and by continuing to labor for Defendants.

59. Defendants failed to pay Plaintiff for all closed loans.

60. Defendants' promises must be enforced to prevent injustice to Plaintiff.

### SIXTH CLAIM FOR RELIEF
### UNJUST ENRICHMENT
*Against All Defendants*

61. All preceding paragraphs are incorporated.

62. Plaintiff conferred a benefit on Defendants, namely by providing Defendants with many hours of his (now known to be) underpaid labor and by being denied commissions to which he was entitled.

63. Allowing Defendants to retain these benefits without proper payment therefor would serve to unjustly enrich Defendants.

### SEVENTH CLAIM FOR RELIEF
### CIVIL THEFT
*Against All Defendants*

64. All preceding paragraphs are incorporated.

65. Defendants knowingly, intentionally, and improperly took and/or retained control over Plaintiff's confidential and proprietary information, namely his personal login credentials.

66. Defendants knowingly, intentionally, and improperly stole Plaintiff's property, namely the earned, vested, and determinable funds that Plaintiff had earned by closing certain loans.

67. Defendants did so without Plaintiff's express or implied authorization.

68. Defendants' actions were intended to, and in fact did, deprive Plaintiff of exclusive use of his intellectually property. Moreover, Defendants' actions were intended to, and in fact did, deprive Plaintiff of funds he had earned.

69. By their theft and improper use of Plaintiff's confidential and proprietary information, and by their theft of Plaintiff's funds, Defendants have damaged Plaintiff in an amount to be established at trial for which they are liable.

70. Pursuant to Colo. Rev. Stat. § 18-4-405, Plaintiff is entitled to treble damages, attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a) Judgment in his favor on his claims for relief;

b) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and COMPS Order;

c) An injunction requiring Defendants to cease their unlawful practices under, and to comply with, the COMPS Order;

d) An award of overtime compensation due under the FLSA and COMPS Order;

e) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to properly compensate Plaintiff pursuant to 29 U.S.C. § 216;

f) An award of damages representing Elevation Mortgage's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

g) Actual damages or a sum not less than $1,000, punitive damages, attorneys' fees, and costs under the SCA;

h) Compensatory and equitable damages for Plaintiff's breach of contract, promissory estoppel, unjust enrichment, and civil theft claims;

i) Treble damages pursuant to Colo. Rev. Stat. § 18-4-405;

j) An award of costs and expenses of this action together with reasonable attorneys' and expert witness fees;

k) An award of pre-judgment and post-judgment interest; and

l) Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 21st day of April, 2020.

*/s/ Andrew E. Swan*
Paul F. Lewis
Michael D. Kuhn
Andrew E. Swan
LEWIS | KUHN | SWAN PC
620 North Tejon Street, Suite 101
Colorado Springs, CO 80903
Telephone:  (719) 694-3000
Facsimile:  (866) 515-8628
  plewis@lks.law
  mkuhn@lks.law
  aswan@lks.law

*Attorneys for Plaintiff*